THE SHAMROCK BENEVOLENT SOCIETY *v.* BRIDGET DRUM, Respondent, and DANIEL L. McCARTHY, Appellant.

**February 28, 1876.**

1. The deceased husband of plaintiff was a member of the Shamrock Benevolent Association, and died in 1873, leaving a will by which he bequeathed his personal property and his benefits from the association to his sister. The benefits of the association were, by its constitution, devoted to the widow of a deceased member, or to his other legal representative in the order named. *Held,* that the right of the widow thereunder was superior to that of the legatee of the deceased member.
2. In such a case, adultery by the widow will create no forfeiture.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Samuel Erskine* and *M. Kinealy,* for appellant, cited: Schouler on Dom. Rel. 133; Cogswell *v.* Libbets, 3 N. H. 42.

*J. A. Beal,* for respondent, cited: Love *v.* Hancock Life Ins. Co., 41 Mo. 538; Wag. Stat. 542, sec. 20.

GANTT, P. J., delivered the opinion of the court.

William Drum was a member of the Shamrock Benevolent Association. He died on April 3, 1873, leaving a will by which he bequeathed all his personal property, and whatever was coming to him from the Shamrock Benevolent Society, to his sister, Johanna McCarthy. Letters of administration with the will annexed were granted to Daniel McCarthy.

Two drafts of the constitution of the society are appended to the record. One was offered by the administrator, the other by the widow of the deceased. In each the 12th Article is the controlling provision. One of these constitutions purports to have gone into effect on March 3, 1872; the other on March 3, 1873; but it was in evidence "that the latter did not go into effect until some time in April, 1873." The witness who thus testified also said that Drum died on March 3 or 4, 1873. This is a plain mistake. This will was dated March 21, 1873, and he is proved to have died on April 3, 1873.

The 12th Article of the Constitution of 1872 is in these words: "At the next general meeting of the society after the death of a member there shall be collected from each member the sum of one dollar, in addition to his regular monthly dues.

"This assessment shall be known as the 'mortality assessment,' and when so collected shall be paid to the widow or other legal representative of the deceased."

On the outside of the cover of the pamphlet containing this provision are the words, by way of title, "Constitution and By-Laws of the Shamrock Benevolent Society of St. Louis, adopted March 3, 1873."

The other pamphlet has on the outside cover the words, "Constitution and By-Laws of the Shamrock Benevolent Society of St. Louis, adopted March 3, 1873." On the inside, on what may be termed the title page, are the same words, except that the date of adoption purports to be

"March 3, *1872*." In this constitution, Article 12 is as follows:

"At the next general meeting of the society after the death of a member in good standing there shall be collected from each member the sum of one dollar, in addition to his regular monthly dues. This assessment shall be for the purpose of creating a fund for the benefit of the family of the deceased member, and shall be paid into the treasury of the society. At the expiration of two months after the death of a member the board shall have power to draw their warrant upon the treasurer for the sum of one dollar for every member then in good standing. The aggregate amount thus drawn shall be paid over to the widow, children, or parents of the deceased, or to any person named in his will. The claims of the above-mentioned persons shall be considered only in the order in which they are named. No other person or persons shall have any claim to this fund except those mentioned in this article." * * *

We are freed from the difficulty of determining whether the first or second of these constitutions is to govern the disposition of this mortality fund, because, so far as the actual controversy is concerned, the decision must be the same under either.

Upon the death of Drum, his widow and his administrator claimed this fund, and each sued the Shamrock Benevolent Society, which paid the fund into court to be contended for by the parties claiming it.

It was alleged by the administrator that the widow had eloped, and was living in adultery with a strange man. The widow admitted this charge for the sake of argument. The Circuit Court gave judgment for the widow, and the administrator appealed.

We see no error in this ruling. Very clearly, if the constitution of 1873 had been the guide, the widow is, first of all, the person to receive the fund, and such, we think, is the intention of the constitution of 1872, though less plainly

·expressed. We cannot apply to a case of this nature the .analogy of our statute respecting the forfeiture of dower ·for the misconduct of the wife. The judgment is affirmed. .All the judges concurring.